**Kuldip SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74407.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 27, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Gopalan Nair, Esq., Fremont, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Madeline Henley, Esq., David V. Bernal, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Kuldip Singh, a native citizen of India from Punjab, petitions for review of the Board of Immigration Appeals's ("BIA") order affirming the immigration judge's ("IJ") decision denying Singh's application for asylum and withholding from removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(b) and deny the petition.

Singh's attorney below failed to preserve any issues not raised in Singh's notice of appeal to the BIA by not timely submitting a brief in the BIA proceedings. *See Cortez–Acosta v. INS*, 234 F.3d 476, 480 (9th Cir.2000). Singh's "Opening Brief" also lacks any cogent legal argument to clarify the precise issues that remain. We determine that Singh has preserved the issues of whether the IJ erred in denying Singh's application for asylum and withholding from removal because Singh was not credible and, in the alternative, due to changed country conditions. Findings of adverse credibility and changed country conditions supporting the denial of asylum and with-

holding from removal will be upheld if substantial evidence in the record supports the IJ's decision. *Gui v. INS*, 280 F.3d 1217, 1225, 1228 (9th Cir.2002).

We will uphold an IJ's adverse credibility determination when "it is based on a specific, cogent reason," such as "serious inconsistencies in the applicant's testimony that go to the heart of his application." *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) (internal citations omitted). The most significant inconsistencies in Singh's testimony relate to the cause of his second arrest and the medical treatment he received for the alleged beatings. Singh's testimony was internally inconsistent and was inconsistent with his prior statements to an asylum officer. He first said that he shouted political slogans on stage at a political rally, then testified that both he and his father were on stage, but that his father shouted the political slogans. Singh first said that when he was arrested, his father was not arrested due to illness, but then testified that his father was not arrested simply because Singh was the one shouting political slogans on the stage.

Singh's testimony that he was severely beaten and treated for his injuries conflicts with notes in the record from the treating physician. The physician's notes indicate that Singh was treated for enteric fever and gastroenteritis, without mention of any physical injuries. Singh's inconsistent testimony and conflicting evidence regarding why he was allegedly arrested and beaten, and whether he was beaten at all, clearly goes to the heart of his application for asylum and withholding of removal. The IJ's adverse credibility determination is therefore supported by substantial evi-

dence. *See id.* We do not reach the IJ's alternative holding regarding changed country conditions.

**PETITION DENIED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.